United States District Court
Southern District of Texas
FILED

JUL 1 8 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **B-00-109** |
| v. | § | CIVIL ACTION NO. _____ |
| | § | <u>JURY</u> |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC., JUAN JOSE GALLEGOS, and | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | |

## <u>NOTICE OF REMOVAL</u>

Defendants Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partner, Inc.,

incorrectly named herein as "Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership,

Inc." (hereinafter, "Loewen"), Juan Jose Gallegos, and John Leasman (hereinafter, collectively,

"Defendants"), defendants in the above-styled case, file this Notice of Removal of the civil action

filed against them by Plaintiff Marcos Zavala ("Plaintiff"), to the United States District Court for the

Southern District of Texas, Brownsville Division, pursuant to the provisions of 28 U.S.C. § 1441

*et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter

jurisdiction in this Court:

1.      On July 5, 2000, the registered agent for Loewen was served with a copy of

the Plaintiff's First Amended Original Petition filed in the 107th Judicial District Court of Cameron

County, Texas, as Cause No. 2000-06-2483-A.  Defendant Gallegos was served with a copy of

Plaintiff's Original Petition on June 29, 2000.  Defendant Leasman was served with a copy of

Plaintiff's Original Petition on June 20, 2000.

HOU02:732703.2

2.     The time within which Defendants are required by the laws of the United States, 28 U.S.C. § 1446(b), to file this notice of removal has not yet expired.

3.     This Court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states.

4.     As admitted in Plaintiff's Original Petition and Plaintiff's First Amended Original Petition, Plaintiff, at the time this action was commenced, was and still is a citizen of the State of Texas and resides in Hidalgo County, Texas.  Plaintiff's Original Petition ¶ 2;  Plaintiff's First Amended Original Petition ¶ 2.  Loewen, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of California, with its principal place of business in Hamilton County, Ohio.  Defendant Juan Jose Gallegos, at the time this action was commenced, was and still is a citizen of the State of Texas and resides in Brownsville, Cameron County, Texas.  Defendant John Leasman, at the time this action was commenced, was and still is a citizen of the State of Texas and resides in Harlingen, Cameron County, Texas.

5.     There is no possibility that Plaintiff will be able to establish a cause of action against Defendants Juan Jose Gallegos and John Leasman, managers at Loewen's funeral homes, because Plaintiff only alleges a *Sabine Pilot* wrongful termination claim.  Plaintiff's claims are based on a "narrow exception to the employment-at-will doctrine." *Sabine Pilot Serv., Inc. v. Huack*, 687 S.W.2d 733, 735 (Tex. 1985).  "*Sabine Pilot* provides a cause of action for wrongful discharge when an employee is dismissed for refusing to perform an illegal act." *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 80 (Tex. App.-- San Antonio 1996, writ denied).  *Sabine Pilot* provides a cause of action against the employer. *See Paul v. P.B.-K.B.B., Inc.*, 801 S.W.2d 229, 230 (Tex. App.-- [14th

Dist.] 1990, writ denied) ("[A]n **employer** may not discharge an employee for the sole reason that the employee refused to perform an illegal act.") (emphasis added).

6.      Plaintiff does not contend that he was employed by Juan Jose Gallegos or John Leasman; rather, Plaintiff contends that he was employed by Loewen. Plaintiff's Original Petition ¶ 4; Plaintiff's First Amended Original Petition ¶ 4. Indeed, Plaintiff acknowledges that Juan Jose Gallegos was his Regional Manager and that John Leasman was the "overall manager" of Garza-Elizondo and Kriedler-Ashcraft funeral homes. Plaintiff's Original Petition ¶ 10, 14; Plaintiff's First Amended Original Petition ¶ 10, 14. Furthermore, Defendants Juan Jose Gallegos and John Leasman have both filed verified denials in their state court answer, setting forth the fact that they never employed Plaintiff. Defendants' Answer to Plaintiff's First Amended Petition ¶ 2, pp. 6, 7. Consequently, because Plaintiff was never employed by Juan Jose Gallegos or John Leasman, Plaintiff cannot recover on a wrongful discharge *Sabine Pilot* claim against them. *Sabine Pilot Serv., Inc.*, 687 S.W.2d at 735.

7.      Since there is no possibility that Plaintiff will be able to establish a cause of action against them, the Court should ignore Juan Jose Gallegos and John Leasman for purposes of diversity jurisdiction. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Accordingly, there is complete diversity of citizenship.

8.      All defendants who have been served with summons consent to the removal of this case to federal court.

9.      Based upon a review of Plaintiff's Original Petition, the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Pursuant to S. D. Tex. Local Rule 3(k), this notice of removal is accompanied by copies of the following:

>    (a)     all executed process in the case (Exhibit A);
>
>    (b)     pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);
>
>    (c)     all orders signed by the state judge (none) (Exhibit C);
>
>    (d)     an index of matters being filed (Exhibit D);
>
>    (e)     the docket sheet (Exhibit E); and
>
>    (f)     a list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit F).

11.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

12.     Defendants demand a jury trial in this action.

13.     Defendants accordingly pray that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted,

John Anaipakos
State Bar No. 00786976
Federal I.D. No. 17762
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1234
(713) 229-1522 (Facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANTS
LOEWEN (TEXAS), INC. d/b/a LOEWEN GROUP
(TEXAS) LIMITED PARTNER, INC., JUAN JOSE
GALLEGOS, AND JOHN LEASMAN

OF COUNSEL:

James R. Staley
State Bar No. 24008071
Federal I.D. No. 23108
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1234
(713) 229-1522 (Facsimile)

R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. # 22949
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78520
(956) 542-7441
(956) 541-2170 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was sent by certified mail, return receipt requested, to all counsel of record on this ___18th___ day of July, 2000.

_____
R. Patrick Rodriguez

6

NO. 2000-06-2483-A

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC., JUAN JOSE GALLEGOS, and | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | 107TH JUDICIAL DISTRICT |

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

TO:     The Honorable Aurora de la Garza, District Clerk, Cameron County District Court, 974 E. Harrison Street, Brownsville, Texas 78521; and

James A. Herrmann, 1205 E. Tyler Avenue, Harlingen, Texas 78550; and

George P. Powell, Hinojosa & Powell, P.C., 612 Nolana, Ste. 410, McAllen, Texas 78504.

FROM:   John Anaipakos and James R. Staley, Baker Botts L.L.P., 910 Louisiana, Houston, Texas 77002; and

R. Patrick Rodriguez, Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78520

Pursuant to 28 U.S.C. § 1446(d), defendants Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partner, Inc., incorrectly named herein as "Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership, Inc.," Juan Jose Gallegos, and John Leasman, file this notice to advise the Court and all counsel that it has filed a Notice of Removal, which is attached as Exhibit A, in the United States District Court for the Southern District of Texas, Brownsville Division. This

notice of filing the notice of removal will serve to complete the removal of this case to federal court under 28 U.S.C. § 1446(a)-(e), precluding further proceedings in this action.

Respectfully submitted,

BAKER BOTTS L.L.P.

By _____

John Anaipakos
State Bar No. 00786976
James R. Staley
State Bar No. 24008071
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

R. Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANTS LOEWEN
(TEXAS), INC. d/b/a LOEWEN GROUP (TEXAS)
LIMITED PARTNER, INC., JUAN JOSE
GALLEGOS, AND JOHN LEASMAN

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the above and foregoing was mailed, certified mail, return receipt requested, to all counsel of record on this __18__ day of July, 2000.

R. Patrick Rodriguez

HOU02:732886.1

# EXHIBIT A

All executed process in this case

HOU02 732703.2

CVisPDF – www.fasiso.com

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2000-06-002483-A

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LOEWEN GROUP, INC.
    DBA LOEWEN GROUP (TEXAS)
    AGENT: C T CORP. SYSTEMS
    350 N ST PAUL ST
    DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION
PLTF'S FIRST SET OF INTERROGATORIES REQUESTS FOR PRODUCTION OF DOCUMENTS
AND REQUESTS FOR ADMISSION OF FACTS
at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said ____ AMENDED PETITION ____ was filed on ___ JUNE 27, 2000 ___.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002483-A.

The style of the case is:

MARCOS ZAVALA
VS.
LOEWEN GROUP, INC., ET AL.

Said petition was filed in said court by _____ HON. JAMES HERRMANN _____
(Attorney for _____ PLAINTIFF _____), whose address is
1205 E. TYLER AVENUE HARLINGEN TX  78550 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of ___ JUNE ___, A.D. 2000.

AURORA DE LA GARZA ____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy

07/07/00  14:13 FAX 515 785 7401          LOEWEN LEGAL                                    ✐005

## R E T U R N   O F   O F F I C E R

Came to hand the _28th_ day of _JUNE_ , _2000_, at _12:00_ o'clock _P_ .M., and

executed (not executed) on the _____ day of _____, _____, by delivering to

_Loewen Group Inc_

_D/B/A  Loewen Group_ in person a true copy of this Citation,

_Asst  CT Corp System_

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff First Amended Original Petition_ .

_Pltff First set of Interrogatories request for_

Cause of failure to execute this citation is: _Production or Production & Request for Admission of Facts_ .

_____ .

FEES serving 1 copy

Total....... $_____        Sheriff/constable _____ County,

Fees paid by:_____        By _Lester M Salazar_ Deputy

·Jun-30-00 09:57A Darli~~-Mouser F.H.          956 F~2 7242              P.02

Citation for Personal Service  - GENERAL _____          Lit. Seq. # 5.003.01

No. 2000-06-002483-A                    C O P Y

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JUAN JOSE GALLEGOS
    DARLING-MOUSER FUNERAL HOME
    945 PALM BLVD.
    BROWNSVILLE, TEXAS 78520

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on __JUNE 13, 2000__.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002483-A.

The style of the case is:

MARCOS ZAVALA
VS.
LOEWEN GROUP, INC., ET AL.

Said petition was filed in said court by _____HON. JAMES HERRMANN_____
Attorney for _____PLAINTIFF_____), whose address is
205 E. TYLER AVENUE HARLINGEN TX  78550

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 13th day of __JUNE__, A.D. 2000.

CSMPDF - www.fsxtro.com

06/30/00   13:03 FAX 513 768 7401          LOEWEN LEGAL                                    ☒003

Jun-30-00 09:57A Darling-Mouser F.H.              956 ┌─2 7242              P.03

**AURORA DE LA GARZA**, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Junie Wolfe_, Deputy

R E T U R N   O F   O F F I C E R

Came to hand the 13th day of June, 2000 at 8:00 o'clock P.M., and

executed (not executed) on the 29th day of June, 2000 by delivering to

Juan Jose Gallegos in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the Plaintiff's Original Petition .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_____          ~~Sheriff/constable~~ Cameron County TEXAS

Fees paid by: _____          By _____          ~~Deputy~~

                                                                  C.P.

# EXHIBIT B

Plaintiff's Original Petition

Plaintiff's First Amended Original Petition

Defendants' Answer to Plaintiff's First Amended Original Petition

ClibPDF - www.fastio.com

CAUSE NO. **2000-06-2483-A**



| MARCOS ZAVALA, | § | IN THE **10th** JUDICIAL |
| | § | |
| Plaintiff, | § | |
| | § | FILED **8:30** O'CLOCK **A** |
| vs. | § | AURORA DE LA GARZA DIST. CLER |
| | § | DISTRICT COURT FOR |
| | § | **JUN 1 3 2000** |
| LOEWEN GROUP, INC., JUAN JOSE | § | |
| GALLEGOS, and, JOHN LEASMAN, | § | DISTRICT COURT OF CAMERON COUNTY TEX |
| | § | DEPU |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MARCOS ZAVALA, hereinafter the plaintiff complaining of LOEWEN

GROUP, INC., JUAN JOSE GALLEGOS, and, JOHN LEASMAN, defendants, and for cause of

action would respectfully show the Court and jury the following:

1. Plaintiff designates this action under sub-division 1 of Rule 190.3, Tex. R. Civ. P.

2. Marcos Zavala is a resident of Hidalgo County, Texas.

3. Loewen Group, Inc. is a Canadian Corporation licensed to do business in the State of

Texas. Their agent for service of process is for Loewen (Texas), Inc. is CT Corporation System, 350

N. St. Paul Street, Dallas, TX 75201. Juan Jose Gallegos is an employee and Regional Manager for

Loewen Group, Inc. in the Rio Grande Valley. Juan Jose Gallegos is a resident of Brownsville,

Cameron, Texas. He can be served at Darling-Mouser Funeral Home, 945 Palm Blvd., Brownsville,

Texas 78520. Defendant John Leasman is a resident of Harlingen, Cameron County, Texas and he

may be served at Kreidler-Ashcraft Funeral Home, 1002 E. Harrison, Harlingen, TX 78550.

CutePDF - www.cutepdf.com

4. In 1994, plaintiff Zavala became employed with the Loewen Group, Inc. as a Funeral Home Director. Plaintiff had just graduated from Funeral Director School and he had a license to be a Funeral Director. He did not have a license to embalm.

5. When plaintiff began work, he was employed at Kreidler-Ashcraft Funeral Home in Harlingen, Texas on a ninety (90) day probationary period and then he was transferred to Darling-Mouser Funeral Home where he was employed for approximately two years. He was then transferred to Harlingen to the Garza-Elizondo Funderal Home in about October of 1998.

6. Almost immediately after beginning employment with Darling-Mouser in Brownsville during his probationary period, plaintiff was told to go into the embalming room to observe the embalming of bodies. Under the rules applicable to embalming, this was prohibited because the plaintiff only had a license to be a funeral director and not to embalm and neither did plaintiff have a provisional embalming license which would have allowed him to act as an apprentice.

7. Before very long, he was told not just to observe but to help with the embalming. Soon after that he was informed that he would be embalming even though he did not have a license and had only rudimentary training. The reason for this was that Darling-Mouser was the most popular funeral home in Brownsville and processed as many as 350 cases a year and the funeral home was under staffed to process so many cases.

8. Plaintiff Zavala was also put on the "on-call list" which means that he was on-call to embalm a body at all hours of the night.

9. When the plaintiff would embalm a body, he would prepare case notes as is required by law and then his case notes report would be signed by someone with a license to embalm.

2

10. Plaintiff protested to Juan Jose Gallegos, the Regional Manager, that plaintiff did not want to be embalming because plaintiff was not licensed; plaintiff did not like embalming; plaintiff did not feel competent; and, plaintiff was very concerned about the caustic chemicals involved which were dangerous and plaintiff had never been properly instructed on how to handle the chemicals and protect himself from them. However, Gallegos would simply instruct plaintiff to go take care of a case.

11. Plaintiff continued to try to avoid performing embalmings but defendant Gallegos would send him to different funeral homes because they were shorthanded and plaintiff would perform embalmings on extra cases. Plaintiff felt compelled to do this because he has a wife and children and needed his employment.

12. One night plaintiff actually had to do four embalming cases which, if done by the book, would take at least eight hours.

13. When plaintiff was transferred to Harlingen, he was immediately put on the on-call list to do embalmings. Plaintiff continued to ask Gallegos why he should be doing embalming when there were licensed embalmers who could have done those cases.

14. On December, 1999, plaintiff was given a promotion and put in charge of the Garza-Elizondo Funeral Home. Defendant John Leasman was made overall manager of Garza-Elizondo and Kreidler-Ashcraft. However, Garza-Elizondo Funeral Home did more business than Kreidler-Ashcraft of which John Leasman was the managing director.

15. Plaintiff continued to have to perform embalmings at Garza-Elizondo and John Leasman would sign the case report forms on cases which the plaintiff embalmed.

3

16.   In about September of 1999, plaintiff decided that he was not going to do anymore embalmings.  Plaintiff got his brother who is a licensed embalmer to come in to Garza-Elizondo on a contract basis.  Defendant Gallegos found out about the plaintiff's brother and complained and told the plaintiff that he was not going to be able to use his brother and that the plaintiff was to do the embalmings himself.  Soon after this, in a week that was John Leasman's on-call week, three cases came in and plaintiff refused to perform the embalmings because he was running three different funerals.  Defendant Leasman told plaintiff to go ahead and call his brother to perform those.  Leasman was the manager in charge.  After this, the plaintiff just simply did not do embalmings any more.

17.   On Monday, January 31, 2000, John Leasman called the plaintiff into the office and demanded that plaintiff turn over his pager and the keys to the Suburban and Funeral Home and terminated the plaintiff.

18.   On information and belief, plaintiff was terminated because he refused to perform embalmings.  Embalming a corpse without a proper license is in violation of law with criminal penalties.  By terminating the plaintiff for refusing to perform an act which is in violation of criminal law defendants have wrongfully terminated the plaintiff in violation of Texas common law which has caused him severe economic loss and damages, including monetary loss and emotional distress and anxiety in an amount in excess of the minimum jurisdictional requirements of this court.  These acts were performed by the defendants intentionally and knowingly and with malice which entitles the plaintiff to punitive damages.

WHEREFORE, plaintiff prays that upon trial of this cause judgement be entered for the plaintiff awarding him:

4

1. Compensatory and punitive damages for the defendants' wrongful termination of the plaintiff;

2. Pre and post judgment interest as provided by law;

3. Reasonable costs of this action; and,

4. Such and further relief to which the plaintiff may show himself to be justly entitled.

Respectfully submitted,

BY: _James A. Herrmann_

JAMES A. HERRMANN
State Bar No. 09541500
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

GEORGE P. POWELL
State Bar No. 16196000
Hinojosa & Powell, P.C.
612 Nolana, Ste. 410
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF HEREBY MAKES HIS DEMAND FOR TRIAL BY JURY.**

5

CAUSE NO.  2000-06-2483-A

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | IN THE  107th  JUDICIAL |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | JUN 2 7 2000 |
| | § | DISTRICT COURT FOR |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC.;  JUAN JOSE GALLEGOS; and, | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MARCOS ZAVALA, hereinafter the plaintiff complaining of LOEWEN

(TEXAS) INC. d/b/a LOWEN GROUP (TEXAS) LIMITED PARTNERSHIP, INC., JUAN JOSE

GALLEGOS, and, JOHN LEASMAN, defendants, and for cause of action would respectfully show

the Court and jury the following:

1.  Plaintiff designates this action under sub-division 1 of Rule 190.3, Tex. R. Civ. P.

2.  Marcos Zavala is a resident of Hidalgo County, Texas.

3.  Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership, Inc.  is a

California corporation licensed to do business in the State of Texas.  Their agent for service of

process is for Loewen (Texas), Inc. is CT Corporation System, 350 N. St. Paul Street, Dallas, TX

75201. Juan Jose Gallegos is an employee and Regional Manager for Loewen Group, Inc. in the Rio

Grande Valley.  Juan Jose Gallegos is a resident of Brownsville, Cameron, Texas.  He can be served

at Darling-Mouser Funeral Home, 945 Palm Blvd., Brownsville, Texas 78520.   Defendant John

Leasman is a resident of Harlingen, Cameron County, Texas and he may be served at Kreidler-Ashcraft Funeral Home, 1002 E. Harrison, Harlingen, TX 78550.

4. In 1994, plaintiff Zavala became involved with Loewen as a Funeral Home Director. Plaintiff had just graduated from Funeral Director School and he had a license to be a Funeral Director. He did not have a license to embalm.

5. When plaintiff began work, he was employed at Kreidler-Ashcraft Funeral Home in Harlingen, Texas on a ninety (90) day probationary period and then he was transferred to Darling-Mouser Funeral Home where he was employed for approximately two years. He was then transferred to Harlingen to the Garza-Elizondo Funeral Home in about October of 1998.

6. Almost immediately after beginning employment with Darling-Mouser in Brownsville during his probationary period, plaintiff was told to go into the embalming room to observe the embalming of bodies. Under the rules applicable to embalming, this was prohibited because the plaintiff only had a license to be a funeral director and not to embalm and neither did plaintiff have a provisional embalming license which would have allowed him to act as an apprentice.

7. Before very long, he was told not just to observe but to help with the embalming. Soon after that he was informed that he would be embalming even though he did not have a license and had only rudimentary training. The reason for this was that Darling-Mouser was the most popular funeral home in Brownsville and processed as many as 350 cases a year and the funeral home was under staffed to process so many cases.

8. Plaintiff Zavala was also put on the "on-call list" which means that he was on-call to embalm a body at all hours of the night.

2

9. When the plaintiff would embalm a body, he would prepare case notes as is required by law and then his case notes report would be signed by someone with a license to embalm.

10. Plaintiff protested to Juan Jose Gallegos, the Regional Manager, that plaintiff did not want to be embalming because plaintiff was not licensed; plaintiff did not like embalming; plaintiff did not feel competent; and, plaintiff was very concerned about the caustic chemicals involved which were dangerous and plaintiff had never been properly instructed on how to handle the chemicals and protect himself from them. However, Gallegos would simply instruct plaintiff to go take care of a case.

11. Plaintiff continued to try to avoid performing embalmings but defendant Gallegos would send him to different funeral homes because they were shorthanded and plaintiff would perform embalmings on extra cases. Plaintiff felt compelled to do this because he has a wife and children and needed his employment.

12. One night plaintiff actually had to do four embalming cases which, if done by the book, would take at least eight hours.

13. When plaintiff was transferred to Harlingen, he was immediately put on the on-call list to do embalmings. Plaintiff continued to ask Gallegos why he should be doing embalming when there were licensed embalmers who could have done those cases.

14. On December, 1999, plaintiff was given a promotion and put in charge of the Garza-Elizondo Funeral Home. Defendant John Leasman was made overall manager of Garza-Elizondo and Kreidler-Ashcraft. However, Garza-Elizondo Funeral Home did more business than Kreidler-Ashcraft of which John Leasman was the managing director.

15. Plaintiff continued to have to perform embalmings at Garza-Elizondo and John Leasman would sign the case report forms on cases which the plaintiff embalmed.

3

16.  In about September of 1999, plaintiff decided that he was not going to do anymore embalmings.  Plaintiff got his brother who is a licensed embalmer to come in to Garzà-Elizondo on a contract basis.  Defendant Gallegos found out about the plaintiff's brother and complained and told the plaintiff that he was not going to be able to use his brother and that the plaintiff was to do the embalmings himself.  Soon after this, in a week that was John Leasman's on-call week, three cases came in and plaintiff refused to perform the embalmings because he was running three different funerals.  Defendant Leasman told plaintiff to go ahead and call his brother to perform those.  Leasman was the manager in charge.  After this, the plaintiff just simply did not do embalmings any more.

17.  On Monday, January 31, 2000, John Leasman called the plaintiff into the office and demanded that plaintiff turn over his pager and the keys to the Suburban and Funeral Home and terminated the plaintiff.

18.  On information and belief, plaintiff was terminated because he refused to perform embalmings.  Embalming a corpse without a proper license is in violation of law with criminal penalties.  By terminating the plaintiff for refusing to perform an act which is in violation of criminal law defendants have wrongfully terminated the plaintiff in violation of Texas common law which has caused him severe economic loss and damages, including monetary loss and emotional distress and anxiety in an amount in excess of the minimum jurisdictional requirements of this court.  These acts were performed by the defendants intentionally and knowingly and with malice which entitles the plaintiff to punitive damages.

**WHEREFORE,** plaintiff prays that upon trial of this cause judgement be entered for the plaintiff awarding him:

4

1. Compensatory and punitive damages for the defendants' wrongful termination of the plaintiff;

2. Pre and post judgment interest as provided by law;

3. Reasonable costs of this action; and,

4. Such and further relief to which the plaintiff may show himself to be justly entitled.

Respectfully submitted,

BY: _James A. Herrmann_

JAMES A. HERRMANN
State Bar No. 09541500
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

GEORGE P. POWELL
State Bar No. 16196000
Hinojosa & Powell, P.C.
612 Nolana, Ste. 410
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF HEREBY MAKES HIS DEMAND FOR TRIAL BY JURY.**

5

Law Office Of
## JAMES A. HERRMANN
Attorney At Law
1205 E. Tyler Avenue
Harlingen, Texas 78550

*E-Mail Address: JHerr78550@aol.com*

(956) 421-5776
(956) 421-5756

Fax No. (956) 421-5779

June 23, 2000

**Cameron County District Clerk's
Computer ID No. 12201**

Ms. Aurora De La Garza
Cameron County District Clerk
964 E. Harrison
Brownsville, TX 78520

Re:   2000-06-2483-A; *Marcos Zavala vs. Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partnership, Inc.; Juan Jose Gallegos; and, John Leasman*

Dear Ms. De La Garza:

Enclosed for filing please find the original and three extra copies of Plaintiff's First Amended Original Petition; and, my law office check in the amount of $8.00 for issuance of citation.

I have also enclosed a self-addressed stamped envelope for the return of the extra two copies of the amended petition.

Please issue citation to defendant Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partnership, Inc.'s agent for service of process as follows:

CT Corporation Systems
Agent for Service of Process
350 N. St. Paul Street
Dallas, TX 75201

Letter to Ms. Aurora De La Garza
June 23, 2000
Page - 2 -

After issuance of citation, please place in Linda Salazar's box for service.

Thank you for your attention in this matter.

Sincerely yours,

JAMES A. HERRMANN

JAH/rm
Enclosures

cc:    Ms. Linda Salazar

NO. 2000-06-2483-A

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO DEPUTY

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC., JUAN JOSE GALLEGOS, and | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | 107TH  JUDICIAL  DISTRICT |

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

Defendants Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partner, Inc.,

incorrectly named herein as "Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership,

Inc." (hereinafter, "Loewen"), Juan Jose Gallegos, and John Leasman (hereinafter, collectively,

"Defendants") answer Plaintiff's First Amended Original Petition as follows:

### General Denial

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny

every material allegation in Plaintiff's First Amended Original Petition.  Accordingly, Defendants

demand strict proof of all claims and allegations by a preponderance of the believable evidence, as

required by the Constitution and laws of the State of Texas.

### Verified Denials

2.      Defendant Juan Jose Gallegos and Defendant John Leasman specifically deny

that they are liable in the capacity they have been sued. Plaintiff purportedly alleges a wrongful

termination claim against Juan Jose Gallegos and John Leasman under the very narrow exception

to the employment at will doctrine announced in *Sabine Pilot Serv., Inc. v. Huack*, 687 S.W.2d 733, 735 (Tex. 1985). Neither Juan Jose Gallegos nor John Leasman ever employed Plaintiff and therefore cannot be liable to Plaintiff for *Sabine Pilot* wrongful termination.

      3.      Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Loewen denies that it is liable in the capacity in which it is sued and asserts that there is a defect of named defendants. Loewen (Texas), Inc. d/b/a Loewen Group, (Texas) Limited Partner, Inc., incorrectly named herein as "Loewen (Texas) Inc. d/b/a Loewen Group, (Texas) Limited Partnership, Inc.," a corporation incorporated under the laws of the State of California, did not employ Plaintiff, and therefore cannot be liable to Plaintiff for *Sabine Pilot* wrongful termination.

### Defenses and Affirmative Defenses

      4.      Plaintiff has failed to state facts sufficient to constitute a cause of action and failed to state a claim on which relief can be granted.

      5.      Plaintiff's employment with Loewen was "at will"; either Plaintiff or Loewen could terminate the employment relationship at will, at any time.

      6.      Defendants have not asked or required Plaintiff to violate applicable laws relating to embalming.

      7.      Any employment decisions made with respect to Plaintiff were for legitimate business reasons and in compliance with applicable laws or regulations.

      8.      To the extent Plaintiff's claims are barred by the applicable statutes of limitations and the equitable doctrine of laches, Defendants asserts these defenses.

      9.      Assuming Plaintiff has been damaged at all, to the extent Plaintiff has failed to mitigate damages, Defendants assert failure to mitigate damages as an affirmative defense.

10.     The imposition of punitive damages in this case would violate Defendants'
state and federal constitutional rights because it would, among other things, violate the Due Process
Clause of the Fifth Amendment to the United States Constitution, the Due Process Clause of the
Fourteenth Amendment to the United States Constitution, the Excessive Fines Clause of the Eighth
Amendment to the United States Constitution, and the Fourth, Fifth, and Sixth Amendments to the
United States Constitution.

11.     Defendants give notice that they intend to rely on such other defenses that may
become available or appear during discovery proceedings in this case and hereby reserve the right
to amend their Answer to assert any such defenses.  Moreover, Defendants reserve the right to amend
this Answer if further investigation and/or discovery reveal that supplementation or correction of any
statement or answer contained herein is necessary.

### Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take
nothing from this action, that Defendants have judgment, that they recover from Plaintiff their
reasonable expenses, attorneys' fees and costs of suit, and that they have such other and further
relief, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By    _John Anaipakos_____
        John Anaipakos
        State Bar No. 00786976
        James R. Staley
        State Bar No. 24008071
        One Shell Plaza
        910 Louisiana
        Houston, Texas  77002-4995
        Telephone: (713) 229-1234
        Facsimile:  (713) 229-1522

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

R. Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas  78520
Telephone: (956) 542-7441
Facsimile:  (956) 541-2170

ATTORNEYS FOR DEFENDANTS LOEWEN (TEXAS), INC. d/b/a LOEWEN GROUP (TEXAS) LIMITED PARTNER, INC., JUAN JOSE GALLEGOS, AND JOHN LEASMAN

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of this instrument has been served on counsel for the plaintiff, on this _17th_ day of July, 2000, by certified mail, return receipt requested.

                   _R. Patrick_____
                   R. Patrick Rodriguez

4

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

JUL 17 2000

DISTRICT COURT OF CAMERON COUNTY TEXAS
RICK M. CORNEJO

THE STATE OF TEXAS                §

COUNTY OF CAMERON                 §

### VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared John

Leasman, who, after being duly sworn, stated under oath that he is a defendant in this action; that

he has read the above Defendants' Answer to Plaintiff's First Amended Original Petition; and that

every fact contained in paragraph 2 of Defendants' Answer to Plaintiff's First Amended Original

Petition is within his personal knowledge and is true and correct.

ANNETTE L. GRAYSON
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 05-24-2003



John Leasman

SUBSCRIBED to and SWORN before me on _12th_ day of _July_, 2000.

Notary Public in and for the
State of Texas

FROM FAKE&BOTTS,LLP    (TUE) 7. 11' 00 14:15/ST. 14:08/NO. 4865568924 P  9

THE STATE OF TEXAS           §

COUNTY OF CAMERON            §

FILED _____ O'CLOCK _____ __
AURORA DE LA GARZA DIST. CLERK

JUL 1 7 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO

### VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared Juan Jose Gallegos, who, after being duly sworn, stated under oath that he is a defendant in this action; that he has read the above Defendants' Answer to Plaintiff's First Amended Original Petition; and that every fact contained in paragraph 2 of Defendants' Answer to Plaintiff's First Amended Original Petition is within his personal knowledge and is true and correct.

Juan Jose Gallegos

SUBSCRIBED to and SWORN before me on _12_ day of _July_, 2000.

JUDITH A. ALVAREZ
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-28-2001

Notary Public in and for the
State of Texas

(TUE) 7.11'00 14:09/ST. 14:07/NO. 4865385489 P 8     FROM BAKER&BOTTS.LLP

THE STATE OF OHIO                          §

COUNTY OF HAMILTON                    §

### VERIFICATION

Before me, the undersigned Notary Public, on this day personally appeared Carolyn Potter, who, after being duly sworn by me, stated under oath that she is a duly-authorized representative of Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partner, Inc.; that she is fully competent to make this verification; that she has personal knowledge of the matters that are the subject of this verification; and that the matters set forth in paragraph 3 of Defendants' Answer to Plaintiff's First Amended Original Petition are true and correct.

_Carolyn Potter_
Carolyn Potter

SUBSCRIBED to and SWORN before me on _14th_ day of _July_ , 2000.

JEFFREY KENNETH NEIHEISEL, Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03

**EXHIBIT C**

All orders signed by the judge

(none)

HOU02 732703 2

9

**EXHIBIT D**

## Index of Matters Being Filed

1. All executed process in the case (Exhibit A).

2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B).

3. All orders signed by the state judge (none) (Exhibit C).

4. The docket sheet (Exhibit E).

5. A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit F).

# EXHIBIT E

The State Court Docket Sheet

HOU02:732703.2

CVisPDF – www.fasiiio.com

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.004.01

No. 2000-06-002483-A                **COPY** 

T H E   S T A T E   O F   T E X A S

     NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN LEASMAN
    KRIEDLER-ASHCRAFT FUNERAL HOME
    1002 E. HARRISON
    HARLINGEN, TEXAS 78550

the      DEFENDANT     , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on JUNE 13, 2000 . A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002483-A.

The style of the case is:

MARCOS ZAVALA
VS.
LOEWEN GROUP, INC., ET AL.

said petition was filed in said court by _____ HON. JAMES HERRMANN
Attorney for _____ PLAINTIFF _____), whose address is
205 E. TYLER AVENUE HARLINGEN TX  78550 .

    The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 13th day of  JUNE , A.D. 2000.

               AURORA DE LA GARZA , DISTRICT CLERK
               Cameron County, Texas
               974 E. Harrison St.
               Brownsville, Texas 78521
               By: _Janie Wolf_ , Deputy

DISTRICT COURT
CAMERON COUNTY TEXAS

R E T U R N   O F   O F F I C E R

Came to hand the _14_ day of _June_ _2000_, at _6:01_ o'clock _P_.M., and
executed (~~not executed~~) on the _20th_ day of _June_, _2000_ by delivering to
_John Leasman_ in person a true copy of this Citation,
_Knielder-Ashcraft Funeral Home_
upon which I endorsed the date of delivery, together with the accompanying copy
of the _Plaintiffs Original Petition_ .

Cause of failure to execute this citation is: _____
_____ .

FEES serving 1 copy        _____

Total....... $_____    ~~Sheriff/constable~~ _Cameron_ County,

Fees paid by:_____    By _Linda M. Taylor_ ~~Deputy~~
                                   _C.P._

RUN DATE  07/17/00
RUN TIME  9:07 AM

\*  \*  \*  C L E R K ' S   E N T R I E S  \*  \*  \*

MARCOS ZAVALA

VS

LOEWEN GROUP, INC., ET AL.

00012201
HON. JAMES HERRMANN
1205 E. TYLER AVENUE
HARLINGEN TX          78550 0000

(10)    DAMAGES

00066603
JOHN ANAIPAKOS
910 LOUISIANA
HOUSTON, TEXAS        77002 4995

| Date | Entry |
|---|---|
| 06/13/00 | ORIGINAL PETITI |
| 06/13/00 | CITATION: LOEWE |
| 06/13/00 | SERVED: 06/1 |
| 06/13/00 | CITATION: JUAN |
| 06/13/00 | SERVED: 06/2 |
| 06/13/00 | CITATION: JOHN |
| 06/13/00 | SERVED: 06/2 |
| 06/13/00 | JURY FEE: Pd. b |
| 06/13/00 | PLAINTIFF'S FIR |
| 06/13/00 | INTERROGATORIES |
| 06/13/00 | PRODUCTION |
| 06/13/00 | REQUEST FOR ADM |
| 06/13/00 | PLAINTIFF'S FIR |
| 06/13/00 | INTERROGATORIES |
| 06/13/00 | PRODUCTION |
| 06/13/00 | REQUEST FOR ADM |
| 06/13/00 | PLAINTIFF'S FIR |
| 06/13/00 | INTERROGATORIES |
| 06/13/00 | PRODUCTION |
| 06/27/00 | REQUEST FOR ADM |
| 06/27/00 | PLTF'S 1ST AMEN |
| 06/27/00 | (IGARCIA) |
| 06/27/00 | PLTF'S FIRST SE |
| 06/27/00 | FOR PRODUCTION |
| 06/27/00 | DOCUMENTS AN |
| 06/28/00 | ADMISSION OF FA |
| 06/28/00 | CITATION: LOEWE |
| 06/28/00 | SERVED: |
| 07/17/00 | ORIGINAL ANSWER |

RUN DATE 07/17/00
RUN TIME 9:07 AM

MARCOS ZAVALA

VS

LOEWEN GROUP, INC., ET AL.

\*        \*        \*        \*    C L E R K ' S    E N T R I E S    \*        \*        \*

00012201                                                                    (10)
HON. JAMES HERRMANN
1205 E. TYLER AVENUE
HARLINGEN TX                                      78550 0000

00066603                                                                    DAMAGES
JOHN ANAIPAKOS
910 LOUISIANA
HOUSTON, TEXAS                                    77002 4995

# EXHIBIT F

## List of Attorneys

Attorneys for Plaintiff Marcos Zavala:

>James A. Herrmann
>1205 E. Tyler Avenue
>Harlingen, Texas 78550
>(956) 421-5776
>(956) 421-5779 (Facsimile)

>George P. Powell
>Hinojosa & Powell, P.C.
>612 Nolana, Ste. 410
>McAllen, Texas 78504
>(956) 686-2413
>(956) 686-8462 (Facsimile)

Attorneys for Defendants Loewen (Texas), Inc. d/b/a Loewen Group, (Texas) Limited Partner, Inc., Juan Jose Gallegos, and John Leasman:

>John Anaipakos
>James R. Staley
>BAKER BOTTS L.L.P.
>One Shell Plaza
>910 Louisiana
>Houston, Texas  77002
>(713) 229-1234
>(713) 229-1522 (Facsimile)

>R. Patrick Rodriguez
>RODRIGUEZ, COLVIN & CHANEY, L.L.P.
>1201 East Van Buren
>P.O. Box 2155
>Brownsville, Texas  78520
>(956) 542-7441
>(956) 541-2170 (Facsimile)

## EXHIBIT F

### List of Attorneys

Attorneys for Plaintiff Marcos Zavala:

> James A. Herrmann
> 1205 E. Tyler Avenue
> Harlingen, Texas 78550
> (956) 421-5776
> (956) 421-5779 (Facsimile)

> George P. Powell
> Hinojosa & Powell, P.C.
> 612 Nolana, Ste. 410
> McAllen, Texas 78504
> (956) 686-2413
> (956) 686-8462 (Facsimile)

Attorneys for Defendants Loewen (Texas), Inc. d/b/a Loewen Group, (Texas) Limited Partner, Inc., Juan Jose Gallegos, and John Leasman:

> John Anaipakos
> James R. Staley
> BAKER BOTTS L.L.P.
> One Shell Plaza
> 910 Louisiana
> Houston, Texas  77002
> (713) 229-1234
> (713) 229-1522 (Facsimile)

> R. Patrick Rodriguez
> RODRIGUEZ, COLVIN & CHANEY, L.L.P.
> 1201 East Van Buren
> P.O. Box 2155
> Brownsville, Texas  78520
> (956) 542-7441
> (956) 541-2170 (Facsimile)