4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 7 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. B-00-109 |
| | § | <u>JURY</u> |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN GROUP (TEXAS) LIMITED PARTNERSHIP, INC., JUAN JOSE GALLEGOS, and JOHN LEASMAN, | § | |
| Defendants. | § | |

## DEFENDANTS' CERTIFICATE OF SERVICE IN REMOVED ACTION

I certify compliance with the Court's order entered upon filing of the Notice of Removal in this case.

On August 4, 2000, I served by certified mail, return receipt requested, a copy of the Order Setting Conference, which is attached as Exhibit A, on counsel for plaintiff, James A. Herrmann, 1205 E. Tyler Avenue, Harlingen, Texas 78550.

HOU02:738620.1

Respectfully submitted,

BAKER BOTTS L.L.P.

*[signature: John Anaipakos]*

John Anaipakos
State Bar No. 00786976
Federal I.D. No. 17762
One Shell Plaza
910 Louisiana
Houston, Texas  77002
(713) 229-1234
(713) 229-1522 (Facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANTS LOEWEN (TEXAS), INC. d/b/a LOEWEN GROUP (TEXAS) LIMITED PARTNER, INC., JUAN JOSE GALLEGOS, AND JOHN LEASMAN

OF COUNSEL:

James R. Staley
State Bar No. 24008071
Federal I.D. No. 23108
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas  77002
(713) 229-1234
(713) 229-1522 (Facsimile)

R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. # 22949
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas  78520
(956) 542-7441
(956) 541-2170 (Facsimile)

HOU02:738620.1

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was sent on this 4th day of August, 2000, to counsel for plaintiff by certified mail, return receipt requested.

_____
James R. Staley

HOU02:738620.1

# EXHIBIT A

ClibPDF - www.fastio.com

2

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

MARCOS ZAVALA §
§
versus § CIVIL ACTION B-00-109
§
Loewen (Texas) Inc §

United States District Court
Southern District of Texas
FILED

JUL 1 8 2000

Michael N. Milby
Clerk of Court

### Order Setting Conference

1. Counsel shall appear for an initial pretrial conference:

   <u>November 27, 2000 at 1:30 p.m.</u>

   Courtroom, Third Floor
   United States Courthouse
   600 E. Harrison Street, #306
   Brownsville, Texas 78520.

2. Within 15 days of receiving this order, counsel must file a list of all entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations. When a group description is effective disclosure, an individual listing is not necessary. Underline the name of corporations with publicly traded securities. Counsel must promptly amend the list when parties are added or additional interested parties are identified.

3. The plaintiff must serve the defendant within 120 days of filing the complaint. The plaintiff's failure to file proof of service within that time may result in dismissal by the court on its own initiative. *See* Rule 4(m).

4. At least 14 days before the conference, counsel must file a joint case management plan with the identity and purpose of witnesses, sources and types of documents, and other requirements for a prompt and inexpensive preparation of this case for disposition by motion or trial. *See* Fed R. Civ. P. Rule 26(f).

5. The parties may agree on additional deadlines for completion of pretrial matters and bring a proposed Scheduling and Docket Control Order with them to the initial pretrial conference.

6. By the conference, counsel will have interviewed their clients and read the documents; readily available documents will have been exchanged at the plan meeting at the latest.

7. The court will set a schedule for initial preparation and may rule on motions pending or made at the conference.

8. Counsel who file or remove an action must serve a copy of this order on the other parties.

9. Counsel who appears at the conference must have authority to bind the client and must know the facts.

10. Counsel must have discussed alternative dispute resolution with their clients and each other; at the conference, the court will consider whether a method of ADR is suited to this case.

11. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of expenses.

BY THE ORDER OF THE COURT