United States District Court
Southern District of Texas
FILED

AUG 0 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. **B-00-109** |
| | § | |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC., JUAN JOSE GALLEGOS, and, | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR REMAND

Defendant having removed the above cause to this court based upon alleged diversity jurisdiction, plaintiff hereby files his opposition to the notice of removal and motion for remand and in support thereof would respectfully show the following:

1. On the 13th day of June, 2000, plaintiff filed his original petition in the 107th Judicial District Court of Cameron County, Texas alleging that defendants Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partnership, Inc., (Loewen), Juan Jose Gallegos, and John Leasman, the regional manager and manager respectively of Loewen, had terminated the plaintiff for sole reason that the plaintiff had refused to commit an illegal act. On July 13, 2000, the defendants filed their notice of removal claiming that Gallegos and Leasman were improper parties under the plaintiff's theory of liability leaving only Loewen as a defendant and, therefore, this court would have diversity jurisdiction if Loewen is a diverse party as to plaintiff.

2. Defendants argue that the Texas Supreme Court's decision in *Sabine Pilot Services, Inc. vs. Huack,* 687 S.W.2d 733 (Tex. 1985) only applies to the principal employer, in this case Loewen.

3. Plaintiff submits that the defendant is simply wrong that defendants Gallegos and Leasman are not subject to liability under *Sabine Pilot* for discharging the plaintiff for refusing to perform illegal acts.

4. Defendant cites no case for the proposition that Gallegos and Leasman cannot be responsible for their own torts and jointly and severally liable with defendant Loewen for their common tort.

5. There is no language in *Sabine Pilot* which would exclude actual tort feasor from liability under *Sabine Pilot*.

7. By its own terms, *Sabine Pilot* was a policy statement that an employee should not be terminated because or she refused to perform an illegal act. As has been recognized many times by the Texas Supreme Court, corporations act only through their agents. *Hammerly Oaks, Inc. vs. Edwards,* 958 S.W.2d 387, 391 (Tex. 1997). It would make no sense from a policy standpoint to exclude from liability those tort feasors who have themselves participated in the criminal acts for these tort feasors terminated the plaintiff for refusing to perform. Why should the perhaps unwitting principal be exclusively liable for the tort and exclude liability for the willful intentional acts of vice-principles and managers. This would seriously inhibit any deterrent affect established by the rule.

8. Under Texas law, joint liability is imposed in intentional torts and negligence. Liability may be incurred as a consequence of ones own acts, by acting in concert with others which causes an injury, or by acting independently of another in causing an indivisible injury. A person may also incur

2

joint and several liability vicariously as a consequence of another's acts. Indeed, plaintiff suspects that defendant Loewen will defend on the basis that Gallegos and Leasman were not acting within the scope of their employment in requiring the plaintiff to perform illegal acts. See, generally, William V. Dorsaneo, 13 *Texas Litigation Guide*, Chap. 291, 291.01A[2].

9. Until the Texas Supreme Court or the Legislature decides that only the principal is liable under a ***Sabine Pilot*** cause of action, under present common law (***Sabine*** is a common law holding), Loewen, Gallegos, and Leasman are all subject to suit and there is no diversity among the defendants.

10. Whether a party has been properly joined as a defendant so as to defeat diversity jurisdiction when the question involves state law is a matter which should be left to the state courts to resolve. Wright & Miller, 14 *Fed. Prac. & Proc.* § 3641 (West 1998). Furthermore, the removing party has the burden of showing the district court that the joinder of the diversity destroying party was made without a reasonable basis of establishing any liability against that party and was undertaken solely to defeat the federal court's removal jurisdiction. See, ***Sid Richardson Carbon & Gasoline Co. vs. Inter Energy Resources, Ltd.***, 99 F.3d 746 (5th Cir. 1996) (a party invoking the removal jurisdiction of the federal court bears a heavy burden. In order successfully to prove that non-diverse defendants have been fraudulently joined in order to defeat diversity, the removing party must demonstrate that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.") The district court must evaluate all factual allegations and ambiguities of the controlling state law in favor of the plaintiff. If there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal

3

court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. *Richardson* at 751.

11. It is not at all clear that plaintiffs cannot bring a *Sabine* claim against Gallegos and Leasman. See, for example, *GTE Southwest, Inc. vs. Bruce,* 998 S.W.2d 605 (Tex. 1999). The defendants have simply made an off-hand conclusion unsupported by factor law. The district court should take the plaintiff's complaint as it is pled to determine if there is diversity jurisdiction. Barring any controlling authority to the contrary, it is apparent that based upon the plaintiff's complaint, plaintiff states a cause of action against Gallegos and Leasman and there is no complete diversity jurisdiction in the federal court.

**WHEREFORE,** plaintiff prays that this case be remanded to state district court.

Respectfully submitted,

BY: *James A. Herrmann* (signature)
JAMES A. HERRMANN
State Bar No. 09541500
Fed. I.D. No. 3824
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

## CERTIFICATE OF CONFERENCE UNDER RULE 6(a)(b)

On Tuesday, August 8th, 2000, I called and spoke to Mr. John Anaipakos, attorney in charge for the defendants, and, I asked him if he opposed the plaintiff's motion for remand and he stated that he did.

4

## CERTIFICATE OF SERVICE

I, JAMES A. HERRMANN, do hereby certify that on this the 8th day of August, 2000, I caused to be mailed a true and correct copy of Plaintiff's Motion to Remand to defendants' attorneys of record:

Mr. John Anaipakos
BAKER BOTTS L.L.P.
One Shelll Plaza
910 Louisiana
Houston, TX 77002

Mr. Patrick Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P O Box 2155
Brownsville, TX 78552

JAMES A. HERRMANN

5