IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 2 8 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-109 |
| | § | <u>JURY</u> |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC., JUAN JOSE GALLEGOS, and | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | |

## <u>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND</u>

Defendants Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partner, Inc.,

incorrectly named herein as Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership,

Inc. (hereinafter, "Loewen"), Juan Jose Gallegos, and John Leasman file this Response to Plaintiff's

Motion to Remand and would show the Court as follows:

### Background And Stage Of Proceedings

On June 13, 2000, Plaintiff Marcos Zavala filed this lawsuit in Cameron County

District Court against Loewen and two Loewen Group International, Inc. employees, Gallegos and

Leasman.  In his state court lawsuit, Zavala alleges a single cause of action for *Sabine Pilot* wrongful

discharge, asserting that he was terminated from his employment for "refusing to perform an act

which is a violation of criminal law." (Pl's. Original Pet. ¶ 18, attached as Exh. A; Pl's. First Am.

Original Pet. ¶ 18, attached at Exh. B.)  Specifically, Zavala claims that Defendants discharged him

from his position of funeral director because he refused to perform embalmings without a license.

(Exh. A at ¶ 15; Exh. B at ¶ 15.)  Zavala's sole cause of action is based on the "narrow exception to

1

the employment-at-will doctrine" recognized in *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

Gallegos and Leasman are citizens of the State of Texas. (Notice of Removal ¶ 4.) Loewen is a corporation incorporated under the laws of the State of California, with its principal place of business in Hamilton County, Ohio. (Notice of Removal ¶ 4.) Zavala worked for Loewen as a funeral director at its funeral homes in the Rio Grande Valley.[1]  At various times, Gallegos and Leasman had managerial responsibility over Zavala. (Exh. A at ¶¶ 3, 10, 14; Exh. B at ¶¶ 3, 10, 14.)

Prior to removing this case, Defendants filed an answer in state court. ( Defs' Answer to First Am. Original Pet., attached as Exh. C)  Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Gallegos and Leasman filed verified denials, each asserting that they did not employ Zavala, and, therefore, could not be liable to him for *Sabine Pilot* wrongful discharge. (Exh. C at ¶ 2.)  Indeed, Zavala does not contend that he was employed by Gallegos and Leasman, but rather that he was employed by Loewen. (Exh. A at ¶ 4; Exh. B at ¶ 4.)

On July 23, 2000, Defendants filed a Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division, on the grounds that Gallegos and Leasman are not proper defendants to Plaintiff's *Sabine Pilot* wrongful discharge claim. Specifically, Defendants assert that because Gallegos and Leasman were not Zavala's employer, they cannot be held liable for *Sabine Pilot* wrongful discharge. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

---

[1]      Loewen did not actually employ Plaintiff.  (Exh. C at ¶ 3.)  Loewen Group International, Inc., a Delaware corporation with its principal place of business in Hamilton County, Ohio, employed Plaintiff as a funeral director. Loewen Group International, Inc. is not a party to this suit.

On August 8, 2000, Zavala filed a motion asking the Court to remand this case back to Cameron County District Court. Significantly, Zavala does not contend that Leasman and Gallegos were his employers, but simply that they too, as his managers, could be liable for *Sabine Pilot* wrongful discharge. Because Texas law is clear that only Zavala's employer may be liable for *Sabine Pilot* wrongful discharge, this Court should disregard Leasman and Gallegos for diversity purposes and deny Plaintiff's Motion to Remand.

### Statement Of The Issue

Should this Court remand when Zavala has fraudulently joined two nondiverse individual defendants against whom he has no *Sabine Pilot* wrongful discharge claim, the sole cause of action in his state court lawsuit?

### Summary Of Argument

Removal of the case to this Court was entirely proper. The sole claim asserted by Zavala is a *Sabine Pilot* wrongful discharge claim. In *Sabine Pilot Service, Inc. v. Hauck*, the Texas Supreme Court announced a "very narrow exception to the employment-at-will doctrine" that gives an employee a wrongful discharge cause of action if he is terminated by his employer for refusing to perform an illegal act. *Sabine Pilot*, 687 S.W.2d at 733. Zavala concedes Gallegos and Leasman were his managers, not his employer. (Pl's. Mot. to Remand ¶ 1; Exh. A at ¶ 4; Exh. B at ¶ 4.) Consequently, Plaintiff has only pled a viable *Sabine Pilot* wrongful discharge claim against Loewen, and his inability to pursue a *Sabine Pilot* wrongful discharge claim against Gallegos and Leasman renders their presence in this lawsuit inconsequential for diversity purposes. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Because complete diversity exists, Plaintiff's Motion for Remand should be denied.

## A.     Standard of Review.

Whether a case is properly removed is determined by reference to the allegations in the plaintiff's state court pleading at the time the petition for removal is filed. *See Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). "If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979); *see also Delaney v. Viking Freight, Inc.*, 41 F. Supp.2d 672, 674 (E.D. Tex. 1999) ("A party is deemed to be fraudulently joined if there is no arguably reasonable basis for predicting that state law might impose liability on that party under the facts alleged."). "Remand is properly denied where the facts asserted by the plaintiff as the basis for the alleged liability of the resident defendant could not possibly create such liability."[2] *McFarland v. Utica Fire Ins. Co.*, 814 F. Supp. 518, 522 (S.D. Miss. 1992) (citing *Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962)), *aff'd*, 14 F.3d 55 (5th Cir. 1994).

## B.     Complete Diversity Exists.

Zavala argues that complete diversity is not present because "there is no language in *Sabine Pilot* which would exclude actual tort feasor (*sic*) from liability under *Sabine Pilot*." (Pl's. Mot. to Remand ¶ 5.) Zavala would have the Court believe that *Sabine Pilot* wrongful discharge is simply an intentional tort, like intentional infliction of emotional distress or battery, not requiring any special relationship between the parties. As set forth in more detail below, Zavala's suggestion that

---

[2]     Zavala cites the thirty-nine pages contained in 14 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3641 (3rd ed. 1998) for the proposition that state courts should be the exclusive arbiter of whether a defendant has been properly joined on a state law claim so as to defeat diversity jurisdiction. (Pl's. Mot. to Remand ¶ 10.) This citation does not support Plaintiff's contention. Indeed, if Zavala's contention is taken literally, federal courts would automatically remand all state law claims removed to federal court that involve allegations of fraudulent joinder.

a *Sabine Pilot* wrongful discharge claim can be maintained against individuals other than the employer is simply wrong.[3]

The very language of *Sabine Pilot* establishes that only an employer can commit the act--namely the discharge of an employee--that creates liability.  In recognizing the wrongful discharge cause of action in *Sabine Pilot*, the Texas Supreme Court held that:

> public policy, as expressed in the laws of this state and the United States which carry criminal penalties, requires *a very narrow exception to the employment-at-will doctrine* announced in East Line & R.R.R. Co. v. Scott.   That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act.   We further hold that in the trial of such a case it is the plaintiff's burden to prove by a preponderance of the evidence that his discharge was for no reason other than his refusal to perform an illegal act.

*Sabine Pilot*, 687 S.W.2d at 735. (emphasis added.)

The employment-at-will doctrine "stands for the proposition in law that an employer can discharge an employee without cause, with or without notice at any time, for a good reason, for a bad reason or no reason." *Wal-Mart Stores, Inc. v. Coward*, 829 S.W.2d 340, 342 (Tex. App. -- Beaumont 1992, writ denied) (citing *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723 (Tex.1990)).   Accordingly, in *Sabine Pilot*, the Texas Supreme Court drew a "very narrow" exception to the general rule that an employer can terminate an employee for any reason, thereby creating a cause of action that presupposes an employer/employee relationship. *See Sabine Pilot*, 687 S.W.2d at 736 (Kilgarlin, J., concurring) ("[A]n **employee** in Texas . . . has a cause of action when he can show that his **employer** fired him for his refusal to commit an illegal act.") (emphasis added).

---

[3]     There is not a single Texas or Fifth Circuit case that describes *Sabine Pilot* wrongful discharge as a tort.   Rather, it is universally recognized as a cause of action against an employer based on an exception to the employment-at-will doctrine. *Sabine Pilot*, 687 S.W.2d at 735.

The Texas Supreme Court has consistently indicated that *Sabine Pilot* is not a simple tort as Zavala contends, but rather a wrongful discharge claim that an employee has against his employer:

> We held in *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), that an **employer** may not discharge an **employee** for the sole reason that the **employee** refused to perform an illegal act that carried criminal penalties.

*City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000) (emphasis added).

> Thus a plaintiff must prove that his refusal to perform an illegal act was the sole cause of his discharge before he can recover damages from his former **employer**.   An **employer** who discharges an **employee** both for refusing to perform an illegal act *and* for a legitimate reason or reasons cannot be liable for wrongful discharge.

*Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 633 (Tex. 1995) (emphasis added).[4]

Similarly, federal courts have observed that *Sabine Pilot* is a cause of action that is restricted to the

---

[4]          Other Texas courts have invariably recognized that *Sabine Pilot* is a wrongful discharge claim that requires an employer/employee relationship. *See, e.g., Ran Ken, Inc. v. Cindy Schlapper*, 963 S.W.2d 102, 105 (Tex. App.-- Austin 1998, pet. denied) (observing that "[t]he Texas Supreme Court . . . has created . . . one exception to the [employment at-will doctrine], allowing a cause of action for **wrongful termination** when the employee has been discharged for the sole reason that the employee refused to perform an illegal act") (emphasis added); *Mayfield v. Lockheed Eng'g & Sciences Co.*, 970 S.W.2d 185, 187 (Tex. App.-- Houston [14th Dist.] 1998, pet. denied) (stating that "*Sabine Pilot* predicate[s] **wrongful discharge liability** on a refusal to do an illegal act subjecting the employee to criminal penalties") (emphasis added); *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 80 (Tex. App. -- San Antonio 1996, writ denied) (stating that "*Sabine Pilot* provides a cause of action for **wrongful discharge** when an employee is dismissed for refusing to perform an illegal act") (emphasis added); *Higginbotham v. Allwaste, Inc.*, 889 S.W.2d 411, 413 (Tex. App.-- Houston [14th Dist.] 1994, writ denied) (stating that "[t]he parameters for a claim of **wrongful termination** for refusing to engage in illegal conduct are delineated by the Texas Supreme Court's decisions in *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985) and *Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723 (Tex. 1990)") (emphasis added); *Paul v. P.B.-K.B.B., Inc.*, 801 S.W.2d 229, 230 (Tex. App.--Houston [14th Dist.] 1990, writ denied) (stating that "[in *Sabine Pilot* the Texas Supreme Court] held that an **employer** may not discharge an **employee** for the sole reason that the **employee** refused to perform an illegal act") (emphasis added); *Berry v. Doctor's Health Facilities*, 715 S.W.2d 60, 62 (Tex. App.-- Dallas 1986, no writ) (stating that "[i]t is evident that *Sabine Pilot* merely proscribes an **employer** from placing an **employee** between the Scylla of discharge from his livelihood and the Charybdis of criminal liability") (emphasis added).

confines of an employment relationship. *See Manning v. Upjohn Co.*, 862 F.2d 545, 547 n.1 (5th Cir. 1989) (noting that "[i]n Sabine Pilot Serv., Inc., the Texas Supreme Court recognized a 'narrow' exception to the employment-at-will doctrine, holding that an **employer** may be liable for damages in a wrongful discharge action if the at-will **employee** establishes that the sole reason for the discharge was that the employee refused to perform an illegal act") (emphasis added); *Mayon v. Southern Pac. Transp. Co.*, 805 F.2d 1250, 1253 (5th Cir. 1986) (observing that "[i]n *Sabine*, the court held that an employee discharged for refusing to do an illegal act had a valid **wrongful discharge** claim") (emphasis added); *Borden v. Amoco Coastwise Trading Co.*, 985 F. Supp. 692, 699-700 (S.D. Tex. 1997) (concluding that "[a]fter a careful reading of both the Smith and Sabine Pilot opinions, . . . the rationale behind both opinions is to prohibit **employers** from exerting economic pressure on their **employees** to perform acts contrary to strong public policy") (emphasis added).

Furthermore, the Texas Supreme Court has continued to stress the narrowness of the *Sabine Pilot* wrongful discharge cause of action even within the requisite boundaries of an employer/employee relationship,[5] and, along with lower Texas courts, has consistently rejected opportunities to expand its narrow parameters.[6] Tellingly, the other exceptions to the employment-

---

[5] *See O'Bryant*, 18 S.W.3d at 215 (stating that "this Court has thus far recognized only one limited common-law exception to the at-will employment doctrine"); *Hinds*, 904 S.W.2d at 633 (stating that in "[r]ecognizing [*Sabine Pilot* wrongful discharge as] an exception to the long-established employment-at-will doctrine in Texas, we emphasized the limits on our decision"); *Wornick Co. v. Casas*, 856 S.W.2d 732, 735 (Tex. 1993) (citing *Sabine Pilot* for the proposition that "[s]ubject to certain narrow exceptions, employees in Texas may be terminated at will and without cause").

[6] *See, e.g., Austin v. HealthTrust, Inc. -- The Hosp. Co.*, 967 S.W.2d 400 (Tex. 1998) (refusing to recognize a cause of action for retaliatory discharge of employees who report illegal activities of others in the workplace that would have a "probable adverse effect on the public"); (continued...)

7

at-will doctrine recognized in Texas that give rise to wrongful discharge/retaliatory discharge claims only give rise to causes of actions against employers, not supervisors, coworkers, or employees.[7]

In sum, *Sabine Pilot* wrongful discharge is an extremely narrow exception to the employment-at-will doctrine that otherwise allows an employer "to discharge an employee without cause . . . for a good reason, for a bad reason or no reason." *Coward*, 829 S.W.2d at 342. The Texas Supreme Court has made clear that *Sabine Pilot* is a cause of action that an employee has against his employer if he is discharged "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot*, 687 S.W.2d at 735. Contrary to Zavala's contention, *Sabine Pilot* is not a broad-based tort, but rather a wrongful discharge claim totally inapplicable outside of the employer/employee relationship.[8] Zavala concedes he did not have an employment relationship with

---

[6](...continued)

*Winters*, 795 S.W.2d 723 (refusing to recognize a cause of action for private employees who are discharged for reporting illegal activities); *Hancock v. Express One Int'l, Inc.*, 800 S.W.2d 634 (Tex. App.-- Dallas 1990, writ denied) (refusing to recognize a wrongful discharge cause of action for employees fired for refusing to violate regulations with civil penalties); *Brunner v. Al Attar*, 786 S.W.2d 784 (Tex. App.-- Houston [1st Dist.] 1990, writ denied) (refusing to create a cause of action for an employee fired for performing volunteer work for an AIDS foundation).

[7]    *See, e.g., Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App. -- Waco 2000, n.p.h.) (holding that "supervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA"); *Fernandez v. Kerrville State Hosp.*, 985 SW.2d 121, 125 (Tex. App.-- San Antonio 1998, pet. granted) (stating that "it is axiomatic that a 'person' cannot discriminate against an 'employee' [for filing a workers' compensation claim] unless the 'person' is an 'employer'") (quoting *Stoker v. Furr's, Inc.*, 813 S.W.2d 719, 723 (Tex. App.-- El Paso 1991, writ denied), *aff'd*, 43 Tex. Sup. Ct. J. 1036 (July 6, 2000), 2000 WL 89023; *Benavides v. Moore*, 848 S.W.2d 190 (Tex. App.-- Corpus Christi 1993, writ denied) (holding that "[s]upervisors and managers are not liable [for sexual harassment or retaliatory discharge] under the Texas Human Rights Act"); *Stoker*, 813 S.W.2d at 724 (holding that in the context of workers' compensation retaliation claims "[n]either a wrongful discharge suit nor an employment discrimination suit can be brought . . . in the absence of an existing employer/employee relationship").

[8]    Zavala erroneously cites *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605 (Tex. 1999) for the proposition that Zavala ought to be able to bring a *Sabine Pilot* wrongful discharge claim against Gallegos and Leasman. The court in *Bruce* addressed various issues surrounding a plaintiff's
(continued...)

Gallegos and Leasman. (Mot. to Remand ¶ 1; Exh. A at ¶ 4; Exh. B at ¶ 4.) As a result, "there is no

arguably reasonable basis" for predicting that Texas would "impose [*Sabine Pilot* wrongful discharge]

liability on [Gallegos and Leasman] under the facts alleged." *Tedder*, 590 F.2d at 117. Therefore,

Plaintiff's *Sabine Pilot* wrongful discharge claim against Gallegos and Leasman is "fraudulent and

[their] lack of diversity [does] not prevent removal." *Id.* Accordingly, "[r]emand is properly denied."

*McFarland*, 814 F. Supp. at 522.

## VI. Conclusion

For the foregoing reasons, Defendants Loewen, Gallegos, and Leasman respectfully

request that the Court deny Plaintiff's Motion for Remand, and grant Defendants such other and

further relief to which the Court may find them to be justly entitled.

---

[8](...continued)
claim for intentional infliction of emotional distress. The presence of an employment relationship is
not an element of a claim for intentional infliction of emotional distress. *See id.* at 611 (listing
elements). *Bruce* does not even mention or allude to a claim for *Sabine Pilot* wrongful discharge.
Zavala, of course, has not alleged a cause of action for intentional infliction of emotional distress.

Respectfully submitted,

John Anaipakos
State Bar No. 00786976
Federal I.D. No. 17762
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1234
(713) 229-1522 (Facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANTS
LOEWEN (TEXAS), INC. d/b/a LOEWEN GROUP
(TEXAS) LIMITED PARTNER, INC., JUAN JOSE
GALLEGOS, AND JOHN LEASMAN

OF COUNSEL:

James R. Staley
State Bar No. 24008071
Federal I.D. No. 23108
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1234
(713) 229-1522 (Facsimile)

R. Patrick Rodriguez
State Bar No. 24002861
Federal I.D. No. 22949
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78520
(956) 542-7441
(956) 541-2170 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by certified mail, return receipt requested, to all counsel of record on this 28 day of August, 2000.

R. Patrick Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-109 |
| | § | JURY |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC., JUAN JOSE GALLEGOS, and | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court, having considered Plaintiff's Motion for Remand, Defendants' Response

to Plaintiff's Motion to Remand, all other documents on file, and the arguments of counsel, is of the

opinion that Plaintiff's Motion should be, and hereby is, DENIED.

SIGNED on this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

**A**

ClickPDF - www.fastio.com

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 14 of 31

CAUSE NO. 2000-06-2483-A

FILED ___830___ O'CLOCK ____ M
AUROR A DE LA GARZA DIST CLERK

JUN 13 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
JANIE WOLFE _____ DEPUTY

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | IN THE 10TH JUDICIAL |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DISTRICT COURT FOR |
| | § | |
| LOEWEN GROUP, INC., JUAN JOSE | § | |
| GALLEGOS, and, JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MARCOS ZAVALA, hereinafter the plaintiff complaining of LOEWEN

GROUP, INC., JUAN JOSE GALLEGOS, and, JOHN LEASMAN, defendants, and for cause of

action would respectfully show the Court and jury the following:

1.  Plaintiff designates this action under sub-division 1 of Rule 190.3, Tex. R. Civ. P.

2.  Marcos Zavala is a resident of Hidalgo County, Texas.

3.  Loewen Group, Inc. is a Canadian Corporation licensed to do business in the State of

Texas. Their agent for service of process is for Loewen (Texas), Inc. is CT Corporation System, 350

N. St. Paul Street, Dallas, TX 75201. Juan Jose Gallegos is an employee and Regional Manager for

Loewen Group, Inc. in the Rio Grande Valley. Juan Jose Gallegos is a resident of Brownsville,

Cameron, Texas. He can be served at Darling-Mouser Funeral Home, 945 Palm Blvd., Brownsville,

Texas 78520. Defendant John Leasman is a resident of Harlingen, Cameron County, Texas and he

may be served at Kreidler-Ashcraft Funeral Home, 1002 E. Harrison, Harlingen, TX 78550.

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 15 of 31

4. In 1994, plaintiff Zavala became employed with the Loewen Group, Inc. as a Funeral Home Director.  Plaintiff had just graduated from Funeral Director School and he had a license to be a Funeral Director. He did not have a license to embalm.

5.  When plaintiff began work, he was employed at Kreidler-Ashcraft Funeral Home in Harlingen, Texas on a ninety (90) day probationary period and then he was transferred to Darling-Mouser Funeral Home where he was employed for approximately two years.  He was then transferred to Harlingen to the Garza-Elizondo Funderal Home in about October of 1998.

6.  Almost immediately after beginning employment with Darling-Mouser in Brownsville during his probationary period, plaintiff was told to go into the embalming room to observe the embalming of bodies.  Under the rules applicable to embalming, this was prohibited because the plaintiff only had a license to be a funeral director and not to embalm and neither did plaintiff have a provisional embalming license which would have allowed him to act as an apprentice.

7.  Before very long, he was told not just to observe but to help with the embalming.  Soon after that he was informed that he would be embalming even though he did not have a license and had only rudimentary training.  The reason for this was that Darling-Mouser was the most popular funeral home in Brownsville and processed as many as 350 cases a year and the funeral home was under staffed to process so many cases.

8.  Plaintiff Zavala was also put on the "on-call list" which means that he was on-call to embalm a body at all hours of the night.

9.  When the plaintiff would embalm a body, he would prepare case notes as is required by law and then his case notes report would be signed by someone with a license to embalm.

2

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 16 of 31

10. Plaintiff protested to Juan Jose Gallegos, the Regional Manager, that plaintiff did not want to be embalming because plaintiff was not licensed; plaintiff did not like embalming; plaintiff did not feel competent; and, plaintiff was very concerned about the caustic chemicals involved which were dangerous and plaintiff had never been properly instructed on how to handle the chemicals and protect himself from them. However, Gallegos would simply instruct plaintiff to go take care of a case.

11. Plaintiff continued to try to avoid performing embalmings but defendant Gallegos would send him to different funeral homes because they were shorthanded and plaintiff would perform embalmings on extra cases. Plaintiff felt compelled to do this because he has a wife and children and needed his employment.

12. One night plaintiff actually had to do four embalming cases which, if done by the book, would take at least eight hours.

13. When plaintiff was transferred to Harlingen, he was immediately put on the on-call list to do embalmings. Plaintiff continued to ask Gallegos why he should be doing embalming when there were licensed embalmers who could have done those cases.

14. On December, 1999, plaintiff was given a promotion and put in charge of the Garza-Elizondo Funeral Home. Defendant John Leasman was made overall manager of Garza-Elizondo and Kreidler-Ashcraft. However, Garza-Elizondo Funeral Home did more business than Kreidler-Ashcraft of which John Leasman was the managing director.

15. Plaintiff continued to have to perform embalmings at Garza-Elizondo and John Leasman would sign the case report forms on cases which the plaintiff embalmed.

3

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 17 of 31

16.  In about September of 1999, plaintiff decided that he was not going to do anymore embalmings.  Plaintiff got his brother who is a licensed embalmer to come in to Garza-Elizondo on a contract basis.  Defendant Gallegos found out about the plaintiff's brother and complained and told the plaintiff that he was not going to be able to use his brother and that the plaintiff was to do the embalmings himself.  Soon after this, in a week that was John Leasman's on-call week, three cases came in and plaintiff refused to perform the embalmings because he was running three different funerals.  Defendant Leasman told plaintiff to go ahead and call his brother to perform those.  Leasman was the manager in charge.  After this, the plaintiff just simply did not do embalmings any more.

17.  On Monday, January 31, 2000, John Leasman called the plaintiff into the office and demanded that plaintiff turn over his pager and the keys to the Suburban and Funeral Home and terminated the plaintiff.

18.  On information and belief, plaintiff was terminated because he refused to perform embalmings.  Embalming a corpse without a proper license is in violation of law with criminal penalties.  By terminating the plaintiff for refusing to perform an act which is in violation of criminal law defendants have wrongfully terminated the plaintiff in violation of Texas common law which has caused him severe economic loss and damages, including monetary loss and emotional distress and anxiety in an amount in excess of the minimum jurisdictional requirements of this court.  These acts were performed by the defendants intentionally and knowingly and with malice which entitles the plaintiff to punitive damages.

**WHEREFORE,** plaintiff prays that upon trial of this cause judgement be entered for the plaintiff awarding him:

4

**B**

CVISPDF - www.fastio.com

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 19 of 31

CAUSE NO.  2000-06-2483-A

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | IN THE __107th__ JUDICIAL |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | DISTRICT COURT FOR |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC.; JUAN JOSE GALLEGOS; and, | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

[stamp: O'CLOCK ____ AURORA DE LA GARZA, DIST. CLERK — JUN 2 7 2000 — DISTRICT COURT, CAMERON COUNTY, TEXAS — BY _____ DEPUTY]

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARCOS ZAVALA, hereinafter the plaintiff complaining of LOEWEN (TEXAS) INC. d/b/a LOWEN GROUP (TEXAS) LIMITED PARTNERSHIP, INC., JUAN JOSE GALLEGOS, and, JOHN LEASMAN, defendants, and for cause of action would respectfully show the Court and jury the following:

1. Plaintiff designates this action under sub-division 1 of Rule 190.3, Tex. R. Civ. P.

2. Marcos Zavala is a resident of Hidalgo County, Texas.

3. Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership, Inc. is a California corporation licensed to do business in the State of Texas. Their agent for service of process is for Loewen (Texas), Inc. is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201. Juan Jose Gallegos is an employee and Regional Manager for Loewen Group, Inc. in the Rio Grande Valley. Juan Jose Gallegos is a resident of Brownsville, Cameron, Texas. He can be served at Darling-Mouser Funeral Home, 945 Palm Blvd., Brownsville, Texas 78520. Defendant John

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 20 of 31

Leasman is a resident of Harlingen, Cameron County, Texas and he may be served at Kreidler-Ashcraft Funeral Home, 1002 E. Harrison, Harlingen, TX 78550.

4.   In 1994, plaintiff Zavala became involved with Loewen as a Funeral Home Director. Plaintiff had just graduated from Funeral Director School and he had a license to be a Funeral Director.  He did not have a license to embalm.

5.   When plaintiff began work, he was employed at Kreidler-Ashcraft Funeral Home in Harlingen, Texas on a ninety (90) day probationary period and then he was transferred to Darling-Mouser Funeral Home where he was employed for approximately two years.  He was then transferred to Harlingen to the Garza-Elizondo Funeral Home in about October of 1998.

6.   Almost immediately after beginning employment with Darling-Mouser in Brownsville during his probationary period, plaintiff was told to go into the embalming room to observe the embalming of bodies.  Under the rules applicable to embalming, this was prohibited because the plaintiff only had a license to be a funeral director and not to embalm and neither did plaintiff have a provisional embalming license which would have allowed him to act as an apprentice.

7.   Before very long, he was told not just to observe but to help with the embalming.  Soon after that he was informed that he would be embalming even though he did not have a license and had only rudimentary training.  The reason for this was that Darling-Mouser was the most popular funeral home in Brownsville and processed as many as 350 cases a year and the funeral home was under staffed to process so many cases.

8.   Plaintiff Zavala was also put on the "on-call list" which means that he was on-call to embalm a body at all hours of the night.

2

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 21 of 31

9. When the plaintiff would embalm a body, he would prepare case notes as is required by law and then his case notes report would be signed by someone with a license to embalm.

10. Plaintiff protested to Juan Jose Gallegos, the Regional Manager, that plaintiff did not want to be embalming because plaintiff was not licensed; plaintiff did not like embalming; plaintiff did not feel competent; and, plaintiff was very concerned about the caustic chemicals involved which were dangerous and plaintiff had never been properly instructed on how to handle the chemicals and protect himself from them. However, Gallegos would simply instruct plaintiff to go take care of a case.

11. Plaintiff continued to try to avoid performing embalmings but defendant Gallegos would send him to different funeral homes because they were shorthanded and plaintiff would perform embalmings on extra cases. Plaintiff felt compelled to do this because he has a wife and children and needed his employment.

12. One night plaintiff actually had to do four embalming cases which, if done by the book, would take at least eight hours.

13. When plaintiff was transferred to Harlingen, he was immediately put on the on-call list to do embalmings. Plaintiff continued to ask Gallegos why he should be doing embalming when there were licensed embalmers who could have done those cases.

14. On December, 1999, plaintiff was given a promotion and put in charge of the Garza-Elizondo Funeral Home. Defendant John Leasman was made overall manager of Garza-Elizondo and Kreidler-Ashcraft. However, Garza-Elizondo Funeral Home did more business than Kreidler-Ashcraft of which John Leasman was the managing director.

15. Plaintiff continued to have to perform embalmings at Garza-Elizondo and John Leasman would sign the case report forms on cases which the plaintiff embalmed.

3

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 22 of 31

16. In about September of 1999, plaintiff decided that he was not going to do anymore embalmings. Plaintiff got his brother who is a licensed embalmer to come in to Garza-Elizondo on a contract basis. Defendant Gallegos found out about the plaintiff's brother and complained and told the plaintiff that he was not going to be able to use his brother and that the plaintiff was to do the embalmings himself. Soon after this, in a week that was John Leasman's on-call week, three cases came in and plaintiff refused to perform the embalmings because he was running three different funerals. Defendant Leasman told plaintiff to go ahead and call his brother to perform those. Leasman was the manager in charge. After this, the plaintiff just simply did not do embalmings any more.

17. On Monday, January 31, 2000, John Leasman called the plaintiff into the office and demanded that plaintiff turn over his pager and the keys to the Suburban and Funeral Home and terminated the plaintiff.

18. On information and belief, plaintiff was terminated because he refused to perform embalmings. Embalming a corpse without a proper license is in violation of law with criminal penalties. By terminating the plaintiff for refusing to perform an act which is in violation of criminal law defendants have wrongfully terminated the plaintiff in violation of Texas common law which has caused him severe economic loss and damages, including monetary loss and emotional distress and anxiety in an amount in excess of the minimum jurisdictional requirements of this court. These acts were performed by the defendants intentionally and knowingly and with malice which entitles the plaintiff to punitive damages.

WHEREFORE, plaintiff prays that upon trial of this cause judgement be entered for the plaintiff awarding him:

CitaPDF - www.fscsio.com

Case 1:00-cv-00109   Document 6   Filed in TXSD on 08/28/2000   Page 23 of 31

1. Compensatory and punitive damages for the defendants' wrongful termination of the plaintiff;

2. Pre and post judgment interest as provided by law;

3. Reasonable costs of this action; and,

4. Such and further relief to which the plaintiff may show himself to be justly entitled.

Respectfully submitted,

BY: _James A. Herrmann_

JAMES A. HERRMANN
State Bar No. 09541500
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

GEORGE P. POWELL
State Bar No. 16196000
Hinojosa & Powell, P.C.
612 Nolana, Ste. 410
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF HEREBY MAKES HIS DEMAND FOR TRIAL BY JURY.**

5

C

NO. 2000-06-2483-A

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN | § | |
| GROUP (TEXAS) LIMITED PARTNERSHIP, | § | |
| INC., JUAN JOSE GALLEGOS, and | § | |
| JOHN LEASMAN, | § | |
| | § | |
| Defendants. | § | 107TH  JUDICIAL  DISTRICT |

FILED ____ O'CLOCK ____ M.
AURORA DE LA GARZA DIST. CLERK
CAMERON COUNTY, TEXAS
JUL 1 7 2000
RICK M. CORNEJO

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

Defendants Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partner, Inc.,

incorrectly named herein as "Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership,

Inc." (hereinafter, "Loewen"), Juan Jose Gallegos, and John Leasman (hereinafter, collectively,

"Defendants") answer Plaintiff's First Amended Original Petition as follows:

### General Denial

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny

every material allegation in Plaintiff's First Amended Original Petition.  Accordingly, Defendants

demand strict proof of all claims and allegations by a preponderance of the believable evidence, as

required by the Constitution and laws of the State of Texas.

### Verified Denials

2.      Defendant Juan Jose Gallegos and Defendant John Leasman specifically deny

that they are liable in the capacity they have been sued. Plaintiff purportedly alleges a wrongful

termination claim against Juan Jose Gallegos and John Leasman under the very narrow exception

HOU02:732651.3

to the employment at will doctrine announced in *Sabine Pilot Serv., Inc. v. Huack*, 687 S.W.2d 733, 735 (Tex. 1985). Neither Juan Jose Gallegos nor John Leasman ever employed Plaintiff and therefore cannot be liable to Plaintiff for *Sabine Pilot* wrongful termination.

       3.     Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Loewen denies that it is liable in the capacity in which it is sued and asserts that there is a defect of named defendants. Loewen (Texas), Inc. d/b/a Loewen Group, (Texas) Limited Partner, Inc., incorrectly named herein as "Loewen (Texas) Inc. d/b/a Loewen Group, (Texas) Limited Partnership, Inc.," a corporation incorporated under the laws of the State of California, did not employ Plaintiff, and therefore cannot be liable to Plaintiff for *Sabine Pilot* wrongful termination.

### Defenses and Affirmative Defenses

       4.     Plaintiff has failed to state facts sufficient to constitute a cause of action and failed to state a claim on which relief can be granted.

       5.     Plaintiff's employment with Loewen was "at will"; either Plaintiff or Loewen could terminate the employment relationship at will, at any time.

       6.     Defendants have not asked or required Plaintiff to violate applicable laws relating to embalming.

       7.     Any employment decisions made with respect to Plaintiff were for legitimate business reasons and in compliance with applicable laws or regulations.

       8.     To the extent Plaintiff's claims are barred by the applicable statutes of limitations and the equitable doctrine of laches, Defendants asserts these defenses.

       9.     Assuming Plaintiff has been damaged at all, to the extent Plaintiff has failed to mitigate damages, Defendants assert failure to mitigate damages as an affirmative defense.

10.     The imposition of punitive damages in this case would violate Defendants' state and federal constitutional rights because it would, among other things, violate the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Fourth, Fifth, and Sixth Amendments to the United States Constitution.

11.     Defendants give notice that they intend to rely on such other defenses that may become available or appear during discovery proceedings in this case and hereby reserve the right to amend their Answer to assert any such defenses. Moreover, Defendants reserve the right to amend this Answer if further investigation and/or discovery reveal that supplementation or correction of any statement or answer contained herein is necessary.

### Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing from this action, that Defendants have judgment, that they recover from Plaintiff their reasonable expenses, attorneys' fees and costs of suit, and that they have such other and further relief, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By    _John Anaipakos_

John Anaipakos
State Bar No. 00786976
James R. Staley
State Bar No. 24008071
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522


RODRIGUEZ, COLVIN & CHANEY, L.L.P.

R. Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANTS LOEWEN
(TEXAS), INC. d/b/a LOEWEN GROUP (TEXAS)
LIMITED PARTNER, INC., JUAN JOSE
GALLEGOS, AND JOHN LEASMAN

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of this instrument has been served on counsel for the plaintiff, on this __17th__ day of July, 2000, by certified mail, return receipt requested.

_R. Patrick Rodriguez_

R. Patrick Rodriguez

4

THE STATE OF TEXAS            §

COUNTY OF CAMERON            §

FILED_____ O'CLOCK ___ M.
AURORA DE LA GARZA DIST CLERK

JUL 17 2000

DISTRICT COURT OF CAMERON COUNTY TEXAS
RICK M. CORNEJO

## VERIFICATION

BEFORE ME, the undersigned Notary Public, on this day personally appeared John

Leasman, who, after being duly sworn, stated under oath that he is a defendant in this action; that

he has read the above Defendants' Answer to Plaintiff's First Amended Original Petition; and that

every fact contained in paragraph 2 of Defendants' Answer to Plaintiff's First Amended Original

Petition is within his personal knowledge and is true and correct.

ANNETTE L. GRAYSON
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 05-24-2003



John Leasman

SUBSCRIBED to and SWORN before me on _12th_ day of _July_, 2000.

Notary Public in and for the
State of Texas

THE STATE OF TEXAS          §

COUNTY OF CAMERON       §



FILED
AURORA DE LA GARZA, DIST. CLERK

JUL 17 2000

DISTRICT CLERK CAMERON CO.
RICK M CORNEJO

## VERIFICATION

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Juan

Jose Gallegos, who, after being duly sworn, stated under oath that he is a defendant in this action;

that he has read the above Defendants' Answer to Plaintiff's First Amended Original Petition; and

that every fact contained in paragraph 2 of Defendants' Answer to Plaintiff's First Amended

Original Petition is within his personal knowledge and is true and correct.

Juan Jose Gallegos

    SUBSCRIBED to and SWORN before me on 12 day of July , 2000.

JUDITH A. ALVAREZ
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-28-2001

Notary Public in and for the
State of Texas

THE STATE OF OHIO §

COUNTY OF HAMILTON §

## VERIFICATION

Before me, the undersigned Notary Public, on this day personally appeared Carolyn Potter, who, after being duly sworn by me, stated under oath that she is a duly-authorized representative of Loewen (Texas), Inc. d/b/a Loewen Group (Texas) Limited Partner, Inc.; that she is fully competent to make this verification; that she has personal knowledge of the matters that are the subject of this verification; and that the matters set forth in paragraph 3 of Defendants' Answer to Plaintiff's First Amended Original Petition are true and correct.

_Carolyn Potter_
Carolyn Potter

SUBSCRIBED to and SWORN before me on _14th_ day of _July_, 2000.

JEFFREY KENNETH NEIHEISEL, Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03