

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCOS ZAVALA, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-00-109 |
| | § | |
| LOEWEN (TEXAS) INC. d/b/a LOEWEN GROUP (TEXAS) LIMITED PARTNERSHIP, INC., JUAN JOSE GALLEGOS, and JOHN LEASMAN, | § § § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on November 21, 2000, the Court considered Defendant's Notice of Removal [Dkt. No. 1], Plaintiff's Motion for Remand [Dkt. No. 5], and Defendant's Response to Plaintiff's Motion to Remand [Dkt. No. 6]. The Court **ORDERS** this case **REMANDED** to the State court from which it was removed, and **ORDERS** the Court Clerk to send a certified copy of this Order to the Court Clerk of the 107th Judicial District Court in Cameron County, Texas.

I.  Background

Plaintiff filed his Original Petition in State court against Loewen (Texas) Inc. d/b/a Loewen Group (Texas) Limited Partnership, Inc., its regional manager, Juan Jose Gallegos, and its manager, John Leasman [Dkt. Nos. 1 & 5]. Plaintiff is a citizen of Texas. Id. Both Mr. Gallegos and Mr. Leasman are citizens of Texas. Id. Loewen is a corporation that is incorporated under the laws of California and maintains its principal place of business in Ohio. Id.

Defendant Loewen removed this matter to this Court based on fraudulent joinder, arguing that although Mr. Gallegos, Mr. Leasman, and the Plaintiff are all citizens of Texas, there is no possibility Plaintiff can establish a Sabine Pilot cause of action[1] against Mr. Gallegos and Mr. Leasman. Id. Therefore, because Mr. Gallegos and Mr. Leasman are improperly joined, only Loewen is left as a Defendant, creating diversity between the Parties. Id. In response, Plaintiff argues that he has stated a cause of action against Mr. Gallegos and Mr. Leasman under Sabine Pilot, and therefore, this case should be remanded to State court for lack of diversity.

II.   Plaintiff Makes a Colorable Argument That He Has Stated a Cause of Action Against Mr. Gallegos and Mr. Leasman

Any case filed in a State court may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. §1441 (a). Defendant Loewen removed this case based on diversity jurisdiction. See 28 U.S.C. §1332. Upon removal, the Defendant has the burden of proof to show that diversity exists because it invoked federal jurisdiction. See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996). All factual allegations and ambiguities in state law are construed in favor of the Plaintiff. Id. There is fraudulent joinder if there no possibility at all that the Plaintiff could prevail against the non-diverse Defendants. Id.

The Court finds that Defendant Loewen has not carried its burden in proving fraudulent joinder. Defendant Loewen has not presented any caselaw that explicitly prevents the Plaintiff from asserting a Sabine Pilot claim against Mr. Gallegos and Mr. Leasman as managers of Loewen. In addition, Defendant Loewen cites precedent holding that under statutory law, in some instances managers are not liable for wrongful discharge.

---

[1] Sabine Pilot provides a cause of action for wrongful discharge when an employee is dismissed for refusing to perform an illegal act. Sabine Pilot Service, Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985).

2

However, the <u>Sabine Pilot</u> cause of action was developed in the common law. Therefore, it has not demonstrated that Plaintiff is entirely precluded from bringing a cause of action against Mr. Gallegos and Mr. Leasman under <u>Sabine Pilot</u>. Since Defendant has failed to prove that there is no possibility that Plaintiff could prevail against Defendants and thus, there is no fraudulent joinder, the Court **GRANTS** Plaintiff's Motion to Remand [Dkt. No. 5].

DONE at Brownsville, Texas, this 21 day of November 2000.

_____
Hilda G. Tagle
United States District Judge

3